BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
TRACI J. WHELAN, IDAHO STATE BAR NO. 4416
BRYCE B ELLSWORTH, IDAHO STATE BAR NO. 8254 ASSISTANT
UNITED STATES ATTORNEYS
DISTRICT OF IDAHO
6450 N. MINERAL DRIVE SUITE 210
COEUR D'ALENE, ID 83815
TELEPHONE: (208) 667-6568
FACSIMILE: (208) 667-0814

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KATRINA LYNN DANFORTH,<br><br>Defendant. | Case No. 2:18-cr-00398-BLW<br><br>**RULE 11 PLEA AGREEMENT** |

Rev. May 2019

## I.   GUILTY PLEA

1.   **Summary of Terms.** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and (B), the Defendant, the attorney for the Defendant, and the Government[1] agree that the Defendant will plead guilty to count one and five of the Indictment, which charges the Defendant with Use of Interstate Commerce Facilities in Commission of Murder for Hire, in violation of 18 U.S.C. § 1958.

This plea is voluntary and did not result from force, threats, or promises, other than any promise made in this agreement.  Upon acceptance of the Defendant's guilty pleas, and the Defendant's full compliance with the other terms of this agreement, the Government, will dismiss, under Federal Rule of Criminal Procedure 11(c)(1)(A), counts two, three and four of the Indictment and will not bring any additional charges based upon the same facts and circumstances which have been provided discovery. Further under Federal Rules of Criminal Procedure 11(c)(1)(B), the Government will recommend a sentence within the guideline range as determined by the District Court.

B.   **Oath.** The Defendant will be placed under oath at the plea hearing.  The Government may use any statement that the Defendant makes under oath against the Defendant in a prosecution for perjury or false statement.

## II.   WAIVER OF CONSTITUTIONAL RIGHTS AT TRIAL

The Defendant waives the following rights by pleading guilty pursuant to this agreement:

1) the right to plead not guilty to the offenses charged against the Defendant and to persist in that

---

[1] The word "Government" in this agreement refers to the United States Attorney for the District of Idaho.

**Plea Agreement**                                                    Rev. May 2019

plea; 2) the right to a trial by jury, at which the Defendant would be presumed innocent and the

burden would be on the Government to prove the Defendant's guilt beyond a reasonable doubt; 3)

1

the right to have the jury agree unanimously that the Defendant was guilty of the offense; 4) the

right, at trial, to confront and cross-examine adverse witnesses; 5) the right to present evidence

and to compel the attendance of witnesses; and 6) the right not to testify or present evidence

without having that held against the Defendant.  If the Court accepts the Defendant's guilty plea,

there will be no trial.

## III.    NATURE OF THE CHARGES

A.    **Elements of the Crime.**  The elements of the crime of Use of Interstate

Commerce Facilities in Commission of Murder for Hire, as charged in counts one and five, are as

follows:

1.    The Defendant used, or caused another to use, the mail or any facility of

interstate commerce;

2.    The use of the mail or other facility of interstate commerce was with the

intent that a murder be committed in violation of the laws of any State or the United States;

3.    This was done with consideration for the receipt of, or as consideration for

a promise or agreement to pay, anything of pecuniary value.

B.    **Factual Basis.**  The Defendant admits the following facts are true:

Katrina Lynn Danforth wanted to have R.H., the father of one of her children, murdered.

She discussed this desire with another individual who provided her with a phone number for a

"hitman".  The hitman was actually an undercover police officer.  On October 20, 2018, Danforth

used a telephone to call the hitman and explore hiring him.  Danforth arranged to meet with the

hitman on October 22, 2018.  At the meeting, she agreed to pay $5,000 in exchange for the

murder of R.H..  She had specific requirements that the hitman was to accomplish, such as R.H.'s

body had to be found and did not care if others who lived in the home were harmed as long as her

own child was not harmed.

Danforth and the hitman met again on October 26, 2018 and she provided the hitman with photographs of R.H., addresses and paperwork to help him plan the murder of R.H. From November 2 through November 19, 2018, Danforth continued to use interstate communications devices like cellular phones to facilitate the murder for hire. The conversations and text messages all revolved around planning for, ensuring payment for, and asking for updates about the time of the murder. On November 10, 2018, Danforth mailed a thank you card with $2,500 in it from Idaho to the hitman's address in Montana. This money was the down payment for the hit with the remaining $2,500 to be paid after R. H. was murdered. The thank you card and money were received in Montana on or about November 13, 2018.

Danforth admits and agrees that on the dates alleged in the Indictment and outlined in this factual basis, she used, or caused another to use, the mail, telephone or any facility of interstate commerce with the intent that a murder be committed in violation of the laws of any State or the United States and that the murder was to be committed based upon the receipt of an consideration for the actual payment of $2,500 money and the promise and agreement to pay an additional $2,500 in money. She further agrees and admits these events occurred in the District of Idaho and elsewhere.

## IV.   SENTENCING FACTORS

A.   **Penalties.** The crimes of Use of Interstate Commerce Facilities in Commission of Murder for Hire, as charged in counts one and five are each punishable by:

1.   a term of imprisonment of up to ten years;

2.   a term of supervised release of not more than three years;

3.   a maximum fine of $250,000, and a special assessment of $100.

B.   **Supervised Release.** The Court may impose a period of supervised release. No agreement exists as to its length.

The law permits the combined prison time and term of supervised release to exceed the

maximum term of incarceration for the crimes to which the Defendant is pleading guilty.

Violation of any condition of supervised release may result in further penalties and prosecution.

C.     **Fines and Costs.**  The Court may impose a fine.  No agreement exists as to its

amount of the fine.  The Court may also order the Defendant to pay the costs of imprisonment,

probation, and supervised release.

D.     **Special Assessment.**  The Defendant will pay the special assessment(s) before

sentencing and will furnish a receipt at sentencing.  Payment will be made to:

> The United States District Court, Clerk's Office
> Federal Building and United States Courthouse
> 6450 N. Mineral Drive
> Coeur d'Alene, Idaho 83815

E.     **Restitution.**  In addition to paying any forfeiture, fine, and costs imposed, the

Defendant also agrees to pay restitution equal to the full amount of loss caused to any victim.  The

Defendant agrees to pay restitution in the amount ordered by the Court.   The Defendant agrees

that all monetary penalties imposed by the Court, including restitution, will be due immediately

and can immediately be enforced by the Government (whether through 18 U.S.C. § 3613 or

otherwise).   The Defendant agrees that the payment schedule or plan is neither the only method,

nor a limitation on the methods, available for enforcing the judgment.  It is simply a schedule or

plan for minimum payments.   The Defendant is aware that voluntary payment of restitution prior

to adjudication of guilt is a factor the Court can consider if the Defendant has accepted

responsibility under U.S.S.G. § 3E1.1

## V.     SEIZED PROPERTY: ABANDONMENT AND WAIVER

The Defendant abandons, releases, and waives any interest in property seized or otherwise

obtained by the Government or law enforcement in this case unless specific exceptions are noted

in this agreement.  Such property will be disposed of, destroyed, sold, or transferred in the

**Plea Agreement**                                    5                              Rev. May 2019

Government's sole discretion. Such disposition shall not constitute satisfaction of any assessment, fine, restitution, forfeiture, cost of imprisonment, or any other penalty that this Court may impose.

## VI.   UNITED STATES SENTENCING GUIDELINES

A. **Application of Sentencing Guidelines.** The Court must consider the U.S.S.G. in determining an appropriate sentence under 18 U.S.C. § 3553. The defendant agrees that the Court may consider "relevant conduct" in determining a sentence pursuant to U.S.S.G. § 1B1.3.

The Court is not a party to this agreement and the agreement does not bind the Court's determination of the U.S.S.G. range. The Court will identify the factors that will determine the sentencing range under the U.S.S.G. The Court has complete discretion to impose any lawful sentence, including the maximum sentence possible.

Recognizing that this agreement does not bind the Court, the parties agree to the recommendations and requests set forth below.

B. **Sentencing Guidelines Recommendations and Requests.**

1. **Government's Statements at Sentencing.** The Government reserves the right to allocute fully at sentencing regarding any sentencing recommendation. The Government may rely on or submit any information, including relevant conduct, in support of its recommendation regardless of whether the agreement or the pre-sentence investigation report contain this information. Any exception must be specified in this agreement.

2. **Acceptance of Responsibility.** If the Defendant clearly accepts responsibility for the offense, the Defendant will be entitled to a reduction of two levels in the combined adjusted offense level, under U.S.S.G. § 3E1.1(a). The Government will move for an additional one-level reduction in the combined offense level under § 3E1.1(b) if the following

**Plea Agreement**                                    6                              Rev. May 2019

conditions are met: (1) the Defendant qualifies for a decrease under § 3E1.1(a); (2) the offense is level 16 or greater; and (3) the Defendant has timely notified authorities of the Defendant's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.  If, before sentence is imposed, the Defendant fails to meet U.S.S.G. § 3E1.1's criteria, or acts in a manner inconsistent with acceptance of responsibility, the Government will withdraw or decline to make the motion.

3.      **Downward Departure or Variance Request by Defendant.**  The Defendant will not seek a downward departure or variance under 18 U.S.C. § 3553(a) without notifying the Government at least 21 days prior to sentencing.

4.      **Applicable Guideline Range.** The Government and the Defendant agree that the applicable guideline range is found at USSG 2E1.4.

## VII.    WAIVER OF RIGHT TO DIRECT APPEAL AND TO COLLATERAL ATTACK UNDER 28 U.S.C. § 2255

A.      **Waiver:**  In exchange for this agreement, and except as provided in subparagraph B, the Defendant waives any right to appeal or collaterally attack the entry of plea, the conviction, the entry of judgment, and the sentence, including forfeiture and restitution.  This waiver includes any challenge to the constitutionality of any statute of conviction including arguments that the admitted conduct does not fall within any statute of conviction.

The Defendant acknowledges that this waiver will result in the dismissal of any direct appeal or collateral attack the Defendant might file seeking to challenge the plea, conviction or sentence in this case.  Further, the filing of such an appeal or collateral attack will breach this agreement and allow the Government to withdraw from it, as well as to take other remedial action.

If the Defendant believes the Government has not fulfilled its obligations under this agreement, the Defendant will object at the time of sentencing; further objections are waived.

A.   **Exceptions:**

1.   **Direct Appeal:** Notwithstanding subparagraph A, the Defendant may file one direct appeal if one of the following unusual circumstances occurs:

   a.   the sentence imposed by the Court exceeds the statutory maximum;

   b.   the Court arrived at an advisory USSG range by applying an upward departure under chapter 5K of the USSG; or

   c.   the Court exercised its discretion under 18 U.S.C. § 3553(a) to impose a sentence that exceeds the advisory USSG range as determined by the Court.

The Defendant understands that the above circumstances occur rarely and that in most cases this agreement completely waives all appellate rights.

2.   **Motion Under 28 U.S.C. § 2255:** Notwithstanding subparagraph A, the Defendant may file an ineffective assistance of counsel claim in a 28 U.S.C. § 2255 motion.

## VIII. PROVIDING INFORMATION FOR THE PRESENTENCE REPORT

The Defendant agrees to provide financial information and any other information requested by a representative of the United States probation office for use in preparing a presentence investigation report, and agrees that the United States probation office may share all financial information with the Government. Failure to execute releases or to provide information for the pre-sentence investigation report violates this agreement and relieves the Government of its obligations from it. Such failure by the Defendant and response by the Government will not, however, constitute grounds for withdrawing the plea of guilty unless the Government so requests. Providing materially false information will subject the Defendant to additional penalties, including an enhancement under U.S.S.G. § 3C1.1.

## IX.   DISCLOSING FINANCIAL INFORMATION

The Defendant agrees to disclose all the Defendant's assets and sources of income to the

Government, including all assets over which the Defendant exercises or exercised direct or indirect control, or in which the Defendant has had any financial interest. This includes all community property. The Defendant also agrees to cooperate in obtaining any records relating to ownership of assets when sought by the Government. The Defendant agrees truthfully to complete a personal financial statement within 14 days from the date the Defendant signs this agreement or from the date the financial statement is provided to the Defendant or counsel, whichever is later. The Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within 7 days of the event giving rise to the changed circumstances. The failure timely and accurately to complete, sign, and update the financial statements may constitute failure to accept responsibility under U.S.S.G. § 3E1.1, as well as other things.

The Defendant authorizes the Government:  (a) to obtain a credit report on the Defendant; (b) to inspect and copy all financial documents and information held by the United States probation office; and (c) to obtain all financial records related to the Defendant.

Before sentencing, Defendant agrees not to dissipate any assets without the consent of both the Government's financial litigation unit and asset forfeiture unit. If any assets are sold, any sale proceeds will be deposited with the Clerk of Court and, upon sentencing, paid toward any monetary penalties ordered in the judgment.

## X.    NO RIGHT TO WITHDRAW PLEA

The Defendant understands that the Court may not follow the recommendations or requests made by the parties at the time of sentencing. The Defendant cannot withdraw from this agreement or the guilty plea, regardless of the Court's actions.

## XI.   CONSEQUENCES OF VIOLATING AGREEMENT

A.   **Government's Options.** If the Defendant fails to keep any promise in this agreement or commits a new crime, the Government is relieved of any obligation: 1) to make a sentencing recommendation consistent with the terms promised in this agreement; and 2) not to prosecute the Defendant on other charges, including charges not pursued due to this agreement. Such charges may be brought without prior notice. If the Government determines that a breach warrants prosecution before sentencing, it may withdraw from this agreement in its entirety. In addition, if the Government determines after sentence is imposed that the Defendant's breach of the agreement warrants further prosecution, the Government may choose between letting the conviction(s) under this agreement stand or vacating such conviction(s) so that charge(s) may be re-prosecuted.

The Government's election to pursue any of the above options provides no basis for the Defendant to withdraw the guilty plea(s) made pursuant to this agreement.

B.   **Defendant's Waiver of Rights.** If the Defendant fails to keep any promise made in this agreement, the Defendant gives up the right not to be placed twice in jeopardy for the offense(s) to which the Defendant entered a plea of guilty or which were dismissed under this agreement. In addition, for any charge that is brought as a result of the Defendant's failure to keep this agreement, the Defendant gives up: (1) any right under the Constitution and laws of the United States to be charged or tried in a more speedy manner; and (2) the right to be charged within the applicable statute of limitations period if the statute of limitations has expired.

Furthermore, if the Defendant does not enter an acceptable plea, the Government will move to continue the trial now set to allow the Government adequate time to prepare. The Defendant agrees not to contest such a continuance, and agrees that the resulting delay would be excludable time under 18 U.S.C. § 3161(h).

## XII.   MISCELLANEOUS

A.     **No Other Terms.**  This agreement is the complete understanding between the parties, and no other promises have been made by the Government to the Defendant or to the attorney for the Defendant.  This agreement does not prevent any Governmental agency from pursuing civil or administrative actions against the Defendant or any property.  Unless an exception to this paragraph is explicitly set forth elsewhere in this document, this agreement does not bind or obligate Governmental entities other than that specified as the Government in this agreement (i.e., the United States Attorney's Office for the District of Idaho).

B.     **Plea Agreement Acceptance Deadline.**  This plea offer is explicitly conditioned on the Defendant's notification of acceptance of this agreement no later than 5:00 p.m. on August 5, 2019.

## XIII. UNITED STATES' APPROVAL

I have reviewed this matter and the agreement.  This agreement constitutes a formal plea offer from the Government.  Any oral discussions with the Defendant and defense counsel about a plea do not constitute a plea offer.  Any written offer or agreement made before this agreement is no longer a valid offer by the Government and is rescinded.  I agree on behalf of the United States that the terms and conditions set forth above are appropriate and are in the best interests of justice.

BART M. DAVIS
UNITED STATES ATTORNEY
By:


_____                          _____
TRACI J WHELAN                                              Date   8-5-19
Assistant United States Attorney

## XIV. ACCEPTANCE BY DEFENDANT AND COUNSEL

I have read and carefully reviewed every part of this agreement with my attorney. I understand the agreement and its effect upon my potential sentence. Furthermore, I have discussed all of my rights with my attorney and I understand those rights. No other promises or inducements have been made to me, directly or indirectly, by any agent of the Government, including any Assistant United States Attorney, concerning the plea to be entered in this case. I understand that this agreement is a formal plea offer from the Government. Any oral discussions between the Government and me or my counsel about a plea do not constitute a plea offer. Any written offer or agreement made before this agreement is no longer valid and is rescinded. In addition, no one has threatened or coerced me to do, or to refrain from doing, anything in connection with this case, including entering a guilty plea. I understand that, if I am not a citizen or naturalized citizen of the United States, by pleading guilty in this case it is virtually certain that I will be removed from the United States. I am satisfied with my attorney's advice and representation in this case.

_____      _8/5/19_____
Katrina Lynn Danforth                 Date
Defendant

I have read this agreement and have discussed the contents of the agreement with my client. This document accurately sets forth the entirety of the agreement. I have conveyed all written offers from the Government to the Defendant pursuant to Missouri v. Frye, 132 S. Ct. 1399, 1408-09 (2012). I understand that this agreement is a formal plea offer from the Government. Any oral discussions between the Government and me or my client about a plea do not constitute a plea offer. Any written offer or agreement made before this agreement is no longer valid and is rescinded. I have discussed with my client the fact that if my client is not a citizen or naturalized citizen of the United States, by pleading guilty in this case, it is virtually

**Plea Agreement**                    12                    Rev. May 2019

certain that my client will be removed from the United States.  I concur in my client's decision to

plead guilty as set forth above.


_____                    _____8/5/19_____
Amy H. Rubin / J. Stephen Roberts, Jr.                Date
Attorneys for the Defendant