BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
TRACI J WHELAN, IDAHO STATE BAR NO. 4416
ASSISTANT UNITED STATES ATTORNEY
BRYCE B ELLSWORTH, IDAHO STATE BAR NO.
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
6450 N. MINERAL DRIVE SUITE 210
COEUR D'ALENE, ID 83815
TELEPHONE: (208) 667-6568
FACSIMILE:  (208) 667-0814

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA, | Case No. 2:18-cr-00398-BLW |
|---|---|
| Plaintiff, | |
| vs. | GOVERNMENT'S SENTENCING MEMORANDUM |
| KATRINA LYNN DANFORTH, | |
| Defendant. | |

The United States of America, by and through Bart M. Davis, United States Attorney, and the undersigned Assistant United States Attorney for the District of Idaho, submits the following memorandum setting forth the government's position at sentencing.  The government recommends that the Court sentence the Defendant to a term of imprisonment of 120 months.

## BACKGROUND

Sometimes in life, the worst situations brings good things to fruition.  That is true in this case, the dark and violent crime of Murder for Hire resulted in something positive.  The Defendant was arrested before any harm could come to the intended victim or his loved ones and the dangerousness of the Defendant has been exposed for the Court and others to see.

**GOVERNMENT'S SENTENCING MEMORANDUM - 1**

This was not, as some may claim, an isolated event.  The facts of this case are that over the course of two months, Katrina Danforth met with the would-be hitman twice in person, had several phone calls with him, and communicated through text and mail.  While there were plenty of opportunities during those two months for the Defendant to change her mind, to rethink the course of action she was engaging in, to come to her senses and recognize the horrible violence she was seeking to inflict upon the victim and potentially his loved ones….she never wavered.

On December 18, 2018, she was indicted by the grand jury and charged with five counts of Use of Interstate Commerce Facilities in the Commission of Murder-for-Hire.  She was arrested at the airport as she returned from a trip to Hawaii.  Eight months after her arrest she pled guilty to two of the counts contained in the indictment and the United States agreed to dismiss the remaining counts.  She now appears before this Court for sentencing for her crimes.

## LEGAL ANALYSIS

The Ninth Circuit has set forth a basic framework that district courts should follow in compliance with the Supreme Court's ruling in *United States v. Booker*, 543 U.S. 220 (2005):

(1) Courts are to begin all sentencing proceedings by correctly determining the applicable sentencing guidelines range, precisely as they would have before *Booker*.

(2) Courts should then consider the § 3553(a) factors to decide if they support the sentence suggested by the parties.  Courts may not presume that the guidelines range is reasonable.  Nor should the guidelines factors be given more or less weight than any other.  The guidelines are simply to be treated as one factor among the § 3553(a) factors that are to be taken into account in arriving at an appropriate sentence.

(3) If a court decides that a sentence outside the guidelines is warranted, then it must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.

(4) Courts must explain the selected sentence sufficiently to permit meaningful appellate review.

*United States v. Carty*, 520 F.3d 984, 991-92 (9th Cir. 2008).

**GOVERNMENT'S SENTENCING MEMORANDUM - 2**

## SENTENCING CALCULATION

### I.     Statutory Maximum and Minimum Sentence

The statutory maximum sentence for this offense is ten years, 120 months, for each count. There is no statutory minimum sentence.

### II.    United States Sentencing Guidelines Calculation

"As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007).

The presentence report establishes a guideline range of 151-188 months based upon a total offense level of 34 and criminal history category of I.  The guideline range is above the statutory maximum therefore, the court cannot impose the guideline range of 151- 188 months.

## IMPOSITION OF SENTENCE

### I.     Imposition of a Sentence under 18 U.S.C. § 3553

#### A.    18 U.S.C. § 3553(a) factors

##### 1.    The nature and circumstances of the offense

The nature and circumstances of these offenses are gravely serious, most especially the Defendant's unwavering pursuit to inflict violence upon the victim.  A crime of this nature has both long lasting and far reaching impacts on not only the targeted victim, but also upon his loved ones.  The Defendant actively sought out a hitman to fulfill this violent act on her behalf, and went so far as to mail the would-be hitman $2,500.00 to secure the victim's fate.  Through her actions, and evident disregard for human life, Katrina Danforth has forever instilled a sense of fear in both the victim and his family members. At some point, it is reasonable to believe the daughter the victim and defendant share in common will eventually learn of her mother's machinations.  The effects such knowledge may have cannot be underestimated.

**GOVERNMENT'S SENTENCING MEMORANDUM - 3**

### 2. The history and characteristics of the defendant

The Defendant's upbringing provided her a solid foundation. She was raised in the Post Falls, Idaho area, where she participated in gymnastics and cheerleading and was active in her church and youth group. Although she dropped out of high school in the 10th grade, she completed her GED through North Idaho College and then attended the Academy of Cosmetology, earing her nail technician certificate. She also has a certificate from the American Institute of Clinical Massage. The defendant has been employed in the adult entertainment business and in the service industry doing nails.

The Defendant has two children but does not have custody of either. The Defendant has no history of substance or alcohol abuse.

### 3. The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment.

The Defendant's actions exhibit a blatant disregard for the value of human life. The United States respectfully submits that a sentence of less than 120 months fails to promote respect for the law or reflect the seriousness of the offense. Punishment is one of many valid components of sentencing, the loss of liberty for 120 months is appropriate.

### 4. The need for the sentence imposed to afford adequate deterrence and to protect the public.

It is unknown if a sentence of 120 months will deter this defendant from future similar conduct. There are concerns by the victims that she will continue to seek out individuals that she can manipulate and bend to her will. However, being incapacitated in prison with monitored mail and phone calls does provide some protection for the victim and the public.

**GOVERNMENT'S SENTENCING MEMORANDUM - 4**

     5.     <u>The need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner</u>

During her presentence incarceration the Defendant has been participating in a paralegal course through the Bureau of Prisons which she will be able to complete while in custody.

## **CONCLUSION**

A sentence of ten years is not recommended lightly, the United States understands the magnitude of this recommendation but application of 18 U.S.C. § 3553 supports a sentence of 120 months for the defendant's commission of the crime of Use of Interstate Commerce Facilities in Commission of Murder-for-Hire. The government submits that a sentence of 120 months is sufficient, but not greater than necessary, to accomplish the goals of sentencing, and that a lesser sentence is not supported by application of the 18 U.S.C. § 3553(a) factors.

Respectfully submitted this 22nd day of November, 2019.

                                                BART M. DAVIS
                                                UNITED STATES ATTORNEY
                                                By:

                                                _/s/ *Traci J Whelan*_____
                                                TRACI J WHELAN
                                                Assistant United States Attorney

                                                _/s/ *Bryce B. Ellsworth*_____
                                                BRYCE B ELLSWORTH
                                                Assistant United States Attorney

**GOVERNMENT'S SENTENCING MEMORANDUM - 5**

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on November 22, 2019, the foregoing **GOVERNMENT'S SENTENCING MEMORANDUM** was electronically filed with the Clerk of the Court using the CM/ECF system, and that a copy was served on the following parties or counsel by:

| | |
|---|---|
| Amy Rubin<br><br>Amy_rubin@fd.org | United States Mail, postage prepaid<br>fax<br>X ECF filing<br>X email |

BBE