J. Stephen Roberts, Jr.
Federal Defenders of Eastern Washington and Idaho
10 N. Post St., Ste. 700
Spokane, Washington 99201
(509) 624-7606

Attorneys for Katrina L. Danforth

UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO
The Hon. B. Lynn Winmill

| United States of America, | No. 2:18-CR-398-BLW |
|---|---|
| Plaintiff, | **Motion for Dismissal or Merger of Counts 2-5 of Indictment** |
| v. | |
| Katrina Lynn Danforth, | |
| Defendant. | |

Katrina L Danforth moves the Court to dismiss or merge Counts 2-5 of the Indictment as they are multiplicitous. Based on the reasoning set forth in *U.S. v. Gordon*, 875 F.3d 26 (1st Cir. 2017), the Court should grant the motion and dismiss or merge Counts 2-5 and proceed to sentencing only on Count 1 of the Indictment, which constitutes a single violation of use of interstate commerce in commission of murder-for-hire based on Ms. Danforth's plot to kill R.H. between the dates of October 20, 2018 to November 19, 2018.

Motion for Dismissal or Merger of Counts 2-5 of Indictment

1

## Background

On December 18, 2018, a grand jury in the District of Idaho indicted Ms. Danforth on five counts of Use of Interstate Commerce Facilities in Commission of Murder-for-Hire, in violation of 18 U.S.C. § 1958. ECF No. 1. The Indictment charged a single scheme or plot over five counts to murder R.H., using the mails or telephone on different dates to arrange the murder-for-hire between October 20, 2018 to November 19, 2018. The Counts were charged as follows:

**Count 1:** Using the telephone on October 20, 2018;

**Count 2:** Using the telephone on November 9, 2018;

**Count 3:** Using the telephone on November 10, 2018;

**Count 4:** Using the mail on November 10, 2018

**Count 5:** Using the telephone on November 19, 2018

*See* Indictment, ECF No. 1.

On August 5, 2019, Ms. Danforth pleaded guilty with a Plea Agreement (ECF No. 19), to Counts 1 and 5 of the five-count Indictment. ECF No. 20. On January 6, 2020, Ms. Danforth filed a motion to withdraw her guilty plea to Count 5 of the Indictment. ECF No. 33. Sentencing is set for January 22, 2020 at 3:30 in Coeur d'Alene, Idaho. ECF No. 31.

Motion for Dismissal or Merger of Counts 2-5 of Indictment

## Argument

"An indictment is multiplicitous when it charges multiple counts for a single offense, producing two penalties for one crime and thus raising double jeopardy questions." *U.S. v. Stewart*, 420 F.3d 1007, 1012 (9th Cir. 2005).

Notably, simply imposing concurrent custodial sentences is insufficient to cure a multiplicity problem, as additional concerns cannot be remedied such as imposition of the special assessment that comes with additional counts of conviction and potential adverse collateral consequences aside from a sentence. *See, e.g., Rutledge v. U.S.*, 517 U.S. 292, 302-03 (1996).

There are three (3) remedies for a multiplicitous indictment: (1) dismissal of the multiplicitous count(s) pretrial; (2) order the United States to elect which count to dismiss pretrial; or (3) allow the multiplicitous counts to proceed to trial and, in the event of conviction, merge the counts at sentencing. *See, e.g., U.S. v. Rosen*, 365 F. Supp.2d 1126, (C.D. Cal. 2005) (after finding an indictment multiplicitous, ordering the multiplicitous count to be dismissed); *U.S. v. McCall*, 2006 WL 1071771 at *2 (N.D. Iowa April 24, 2006) (after finding a gun indictment multiplicitous, ordering the United States to elect which count it wished to proceed on at trial); and *U.S. v. Johnson*, 2008 WL 2845639 (D. S.D. July 18, 2008) (after finding a gun indictment multiplicitous, ordering that it would merge any convictions post-

Motion for Dismissal or Merger of Counts 2-5 of Indictment

3

trial to avoid Double Jeopardy concerns). A district court possesses considerable discretion on which remedy it chooses to correct a multiplicitous indictment, and the remedy chosen depends, in large part, on the prejudice a charged individual will experience.

### 1. The Court should dismiss or merge Counts 2-5 based on *Gordon*

This motion is premised on *U.S. v. Gordon*, 875 F.3d 26 (1st Cir. 2017). In *Gordon*, the defendant was charged with five (5) counts of use of interstate commerce facilities in a murder-for-hire plot, in violation of 18 U.S.C. § 1958. *Id.* at 28. Prior to trial, the defendant filed a pretrial motion to dismiss arguing the charged counts were multiplicitous and the correct unit of prosecution in a murder-for-hire case was not the individual use or number of times that facilities of interstate commerce were used. *Id.* at 31-32. Instead, the defense argued the correct unit of prosecution was "each plot to hire someone to commit a murder." *Id.* at 38. The district court denied the motion and Gordon was convicted at trial on all five counts, and sentenced to 20 years' imprisonment. *Id.* at 28.

On appeal, the First Circuit (in a case of first impression) reversed and found that the correct unit of prosecution is plot-centric and not dictated by the number of times a person uses an instrument of instate commerce where there is only a single plot or victim. *Id.* at 31-37. The First Circuit found the

error was not harmless as the district court was able to engage in "stacking" based on the defendant being convicted of multiple counts. *Id.* at 38. The *Gordon* court reversed and found the appropriate remedy for the multiplicity error was merger and ordered the district court to merge the five counts into a single count at sentencing. *Id.* This in effect reduced Gordon's sentencing exposure by half – as the maximum sentence that could be imposed was ten (10) years' imprisonment.

The facts of this case are indistinguishable from that of *Gordon*. Here, there is only one victim alleged in the indictment, R.H. *See* Indictment, ECF No. 1. The charged Counts 1-5 involve the same victim, yet differ only in the dates and types of interstate commerce facilities used (telephone and mails). Based on the First Circuit's reasoning in *Gordon*, this Court should grant the motion and either dismiss or merge Counts 2-5 at or prior to sentencing.

### 2. Ms. Danforth is prejudiced if Counts 2-5 are permitted to remain

As cited supra, the remedy for multiplicitous counts depends largely on the prejudice to the defendant. In this case, if the charged counts are permitted to remain and if Ms. Danforth is sentenced on two counts of murder for hire, then her statutory maximum doubles from 10 years to 20 years and her advisory Guideline Range suggest that her sentence should exceed the statutory maximum for the offense. *See Gordon*, 875 F.3d at 38.

Motion for Dismissal or Merger of Counts 2-5 of Indictment

This is the definition of prejudice. Consequently, the requested remedy for the multiplicity violation is either dismissal or merger.

## Conclusion

In sum, the current Indictment is multiplicitous based on the plain reading of *Gordon*. The Court has the discretion to either dismiss or merge Counts 2-5. Ms. Danforth has identified the prejudice that flows from sentencing her to more than one count of § 1958. Ms. Danforth respectfully asks the Court to grant the motion and permit her to proceed to sentencing on January 22, 2020 based solely on her guilty plea to Count 1 of the Indictment.

Dated: January 6, 2020

                                        Respectfully Submitted,

                                      <u>/s/ *J. Stephen Roberts, Jr.*</u>
                                      J. Stephen Roberts, Jr., WA 45825
                                      Attorneys for Katrina L. Danforth
                                      Federal Defenders of
                                      Eastern Washington and Idaho
                                      10 N. Post St., Ste. 700
                                      Spokane, Washington 99201
                                      (509) 624-7606
                                      (509) 747-3539
                                      Email: Steve_Roberts@fd.org

Motion for Dismissal or Merger of Counts 2-5 of Indictment

# CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: TRACI J. WHELAN and BRYCE B. ELLSWORTH Assistant United States Attorneys.

/s/ *J. Stephen Roberts, Jr.*
J. Stephen Roberts, Jr., WA 45825
Attorneys for Katrina L. Danforth
Federal Defenders of
Eastern Washington and Idaho
10 N. Post St., Ste. 700
Spokane, Washington 99201
(509) 624-7606
(509) 747-3539
Email: Steve_Roberts@fd.org