UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KATRINA LYNN DANFORTH,<br><br>Defendant. | Case No. 2:18-cr-00398-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Katrina Lynn Danforth's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A). Dkt. 68. The Government opposes the motion. After considering the briefing and record, the Court will deny the motion.

## BACKGROUND

Ms. Danforth pleaded guilty to murder-for-hire. In February 2020, the Court sentenced her to 120 months' incarceration, to be followed by three years' supervised release. As of this date, Ms. Danforth has served roughly three years of her 10-year sentence. Her projected release date is June 27, 2027. *See* https://www.bop.gov/inmateloc (last visited Aug. 18, 2021).

MEMORANDUM DECISION AND ORDER - 1

Ms. Danforth is incarcerated at FCI Dublin. Ms. Danforth is 33 years old and is fully vaccinated. *See Ex. A to Gvt. Response,* Dkt. 71, at 227 and 238-39 (indicating that defendant received doses of the Moderna vaccine on March 31 and April 27, 2021).

In April 2021, Ms. Danforth asked the warden to consider her for a compassionate release because, among other things, of her reported obesity and asthma. *See Apr. 23, 2021 Inmate Request,* Dkt. 68-1.

And in the motion filed with this Court, she says that she suffers from chronic conditions that make her more likely to die or become seriously ill if she contracts COVID-19. *See Motion,* Dkt. 68, at 6. She also says that she previously received a positive COVID-19 diagnosis; that "no real plan exists to vaccinate all inmates at this time;" and that "receiving the vaccination in and of itself does not prevent re-infection and does not prevent compassionate release for high risk individuals." *Id.* at 8. She concludes that she remains at high risk even after having been fully vaccinated. *Id.* at 10.

## LEGAL STANDARD

Defendant seeks compassionate release under 18 U.S.C. 3582(c)(1)(A). To grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. If the

exhaustion requirement is met, the court must consider the 18 U.S.C. § 3553(a) factors. *Id.* Then the Court may grant compassionate release only if the defendant shows that "extraordinary and compelling reasons warrant such a reduction." *Id.*; *United States v. Aruda*, 993 F.3d 797, 801 (9th Cir. 2021). *See also United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019). The defendant bears the burden of establishing that extraordinary and compelling reasons exist to justify compassionate release. *See United States v. Greenhut,* 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)).

## ANALYSIS

Ms. Danforth has exhausted her administrative remedies and her motion is properly before the Court.

Turning to § 3553(a) factors, consideration of these factors do not warrant a compassionate release. In short, she has failed to demonstrate how her release, roughly three years into a 10-year sentence for the very serious crime of murder for hire adequately addresses the nature and circumstances of the offense or the history and characteristics of the Defendant. Nor has she adequately explained how a compassionate release would reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense. *See* 18 U.S.C. §

3553(a)(2)(A).

Ms. Danforth hired someone to kill the father of her child. She repeatedly met with the intended hitman in an effort to carry out the plan. At sentencing, the Court expressed concern about the defendants' lack of remorse. The sentence handed down in 2017 was appropriate at the time and remains so today, given defendant's conduct. In sum, consideration of the § 3553(a) factors do not warrant a reduction to the sentence the Court imposed. *See* Dkt. 397. The Court has considered Ms. Danforth's post-sentence conduct and medical history and finds that they do not significantly alter the § 3553(a) analysis.

Next, Ms. Danforth's health conditions do not constitute extraordinary and compelling circumstances. Given the medical records that have been provided to the Court, it is not clear that Ms. Danforth suffers from obesity, and it appears that her asthma is well controlled with medication. And even if she does suffer from some health concerns, the Court cannot find that those concerns rise to the level of an extraordinary and compelling circumstance. Further, as noted above, Ms. Danforth is fully vaccinated against COVID-19. Finally, as set out in the government's response, the vaccination rate at FCI Dublin is higher than that in Idaho. Under these circumstances, the Court will deny Defendant's motion for compassionate release.

MEMORANDUM DECISION AND ORDER - 4

# ORDER

**IT IS ORDERED** that:

(1) Defendant Katrina Lynn Danforth's Motion for Compassionate Release (Dkt. 68) is DENIED.

(2) Defendant's Motion For Extension of Time (Dkt. 72) is GRANTED. The Court considered the reply brief filed on July 7, 2021 and the supplement filed on August 9, 2021, *see* Dkts. 73 & 74, in deciding the motion for compassionate release.

DATED: September 15, 2021

B. Lynn Winmill
U.S. District Court Judge